■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM ROBINSON, Appellant.— Order, entered on April 9, 1964, denying defendant's motion in the nature of a writ of error *coram nobis*, unanimously affirmed. The records reveal that this defendant's prior conviction was for a violation of section 1897 of the Penal Law as a felony. In such circumstances the court properly sentenced defendant as a second felony offender. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. STUYVESANT INSURANCE COMPANY, Respondent.— Order, entered on January 27, 1965, remitting forfeiture of bail, unanimously reversed on the law and on the facts, with $30 costs and disbursements to appellant, and the motion denied. This determination is without prejudice to a further application for the same relief on proper papers. The application was made on the affidavit of an attorney in fact for the bonding company plaintiff. The claim is that the defendant inadvertently overlooked the return day and appeared voluntarily some two days later. It was pointed out in unmistakable terms in *People* v. *Peerless Ins. Co.* (21 A D 2d 609) that such an affidavit is not sufficient to predicate any relief and that the excuse offered is one that should be scrutinized with great care because it is so easily fabricated (*supra*, p. 616). Despite the fact that this authority was called to the attention of the court, Special Term unaccountably granted the motion. As a matter of discretion we are allowing a new application but this must be made upon sufficient papers. Furthermore, in fixing the amount of remittance, if any, it should be borne in mind that this defendant had 10 prior arrests which resulted in 6 prior convictions for the same crime, namely, operating a policy business. He must be familiar with the procedure. He had previously pleaded guilty and withdrew his plea. These maneuvers resulted in 7 calendar appearances. The fact that he surrendered voluntarily 2 days later is no justification or even proof that the People were not prejudiced. The District Attorney had his witnesses in court on the return day but, naturally, not on the day of surrender. The failure to appear could be part of a scheme either to discourage the prosecution by making it difficult to obtain the repeated appearance of the witnesses or to jockey the case before a particular Bench. The fact that the maneuver eventually turned out to be unsuccessful is of no moment. Whether any remission is warranted and, if so, the extent, must be determined on a proper evaluation of these factors based upon proper affidavits. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent.— Order, entered on February 23, 1965, remitting forfeiture of bail reversed on the law and on the facts, with $30 costs and disbursements to appellant, and the motion denied. This determination is without prejudice to a further application for the same relief on proper papers. (See *People* v. *Stuyvesant Ins. Co.*, 24 A D 2d 421.) Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.